2014 SEP 15 PM 12: 19



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70244-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ABDIKADIR ADAN KHALIF, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 15, 2014 |

SCHINDLER, J. — Abdikadir Adan Khalif appeals from his jury conviction for one count of assault of a child in the second degree, arguing insufficient evidence and ineffective assistance of counsel. We conclude sufficient evidence supports the conviction and defense counsel's failure to request an inferior degree instruction did not constitute ineffective assistance of counsel. We therefore affirm.

FACTS

In May 2011, a mutual friend introduced Ayan Mumin to 18-year-old Abdikadir Adan Khalif. In June 2011, at her friend's request, Mumin allowed Khalif to stay at her Kent apartment for a few days. Mumin lived with her two daughters, R.S. and F.S., at the apartment.

During the evening of June 17, 2011, Mumin decided to go shopping. Nine-year-old R.S. and seven-year-old F.S. wanted to finish watching a television show. Khalif volunteered to stay with the girls while Mumin went shopping.

Khalif played hide-and-seek with the girls for a few minutes. The girls then returned to watching the television show. Khalif sat nearby and tried to persuade R.S. and F.S. to sit on his lap. When the girls did not comply, Khalif grabbed their hands and pulled them over.

R.S. resisted but Khalif eventually pulled her onto his lap and kissed her on the lips. R.S. said it "[f]elt gross" and pulled away. Khalif then grabbed her again and started dragging her along the floor toward the bedroom. As he dragged R.S., Khalif said that he had "a surprise" for her in the room.

Khalif tried to unbuckle her pants. R.S. managed to pull away from Khalif before he could unbuckle her pants. She ran into the bathroom, closed the door, and called her mother on a cell phone. Mumin told R.S. to bring F.S. into the bathroom with her and call 911. After R.S. brought F.S. into the bathroom, she called 911. R.S. was crying and told the operator that Khalif tried to touch her "private parts."

When Kent police officers arrived at the apartment, both R.S. and F.S. appeared scared and were shaking and crying. After Mumin returned, R.S. complained about pain in her stomach and arm. Mumin took R.S. to the hospital where she was treated for a strain to her arm and abdominal wall.

The State charged Khalif with one count of child molestation of R.S. in the first degree and one count of assault of a child in the second degree. The jury acquitted

2

Khalif of the molestation charge and found him guilty of assault of a child in the second degree. The court imposed a standard-range sentence.

## ANALYSIS

Khalif contends that insufficient evidence supports the conviction for assault of a child in the second degree. An appellate court reviews the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. State v. Pirtle, 127 Wn.2d 628, 643, 904 P.2d 245 (1995). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

To convict Khalif of assault of a child in the second degree as charged, the State had the burden of proving beyond a reasonable doubt that he assaulted R.S. with the intent to commit child molestation in the first degree. RCW 9A.36.021(1)(e); RCW 9A.36.130. As jury instruction 16 states, an assault is "an intentional touching or striking of another person that is harmful or offensive regardless of whether any physical injury is done to the person." See also State v. Villanueva-Gonzalez, ___ Wn.2d ___, 329 P.3d 78, 80-81 (2014). Child molestation in the first degree requires the State to prove Khalif had "sexual contact" with R.S. RCW 9A.44.083. As jury instruction 21 states, "sexual contact" is "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desires of either party or a third party." See RCW 9A.44.010(2).

Criminal intent may be inferred "from conduct that plainly indicates such intent as a matter of logical probability." State v. Abuan, 161 Wn. App. 135, 155, 257 P.3d 1 (2011). Circumstantial evidence and direct evidence are equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

R.S. testified that when she declined Khalif's invitation to sit on his lap, he grabbed her hand. Despite R.S.'s resistance, Khalif pulled her onto his lap and kissed her on the mouth. After R.S. was able to pull away, Khalif grabbed her again and pulled her toward the bedroom. As he dragged R.S. along the floor, he told her, " 'I have a surprise for you in the room,' " and tried to unbuckle her pants. Viewed in the light most favorable to the State, the foregoing evidence was sufficient to permit a rational trier of fact to find that Khalif assaulted R.S. with the intent to have sexual contact.

Khalif's suggestion that his conviction for assault was inconsistent with his acquittal on the child molestation charge is not persuasive. R.S. testified that although Khalif attempted to unbuckle her pants, he never succeeded and never touched her in her intimate areas. Khalif's acquittal on the child molestation charge required proof of actual sexual contact and was, therefore, not inconsistent with his conviction on the assault charge requiring only proof that he intended to have sexual contact. The evidence was sufficient to permit a rational jury finding Khalif intended to have sexual contact with R.S. but did not succeed.

Khalif also contends that the evidence was insufficient because R.S. gave differing accounts of the incident to various witnesses. But defense counsel cross-examined R.S. about the inconsistencies and R.S. repeatedly insisted that she was testifying only about the details that she actually remembered at the time. Khalif's

challenge is ultimately directed to the credibility of a witness, which we cannot review on appeal. We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004), abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

Khalif also claims that he was denied effective assistance because his attorney did not request an instruction on the lesser degree offense of fourth degree assault. The defendant is entitled to an instruction on an inferior degree offense when

> (1) the statutes for both the charged offense and the proposed inferior degree offense "proscribe but one offense"; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense.

State v. Peterson, 133 Wn.2d 885, 891, 948 P.2d 381 (citing State v. Foster, 91 Wn.2d 466, 472, 589 P.2d 789 (1979), and State v. Daniels, 56 Wn. App. 646, 651, 784 P.2d 579 (1990)); see also RCW 10.61.003. Khalif contends, and the State concedes, that fourth degree assault was a lesser degree offense of second degree assault under the facts of this case.

To prevail on his claim of ineffective assistance, Khalif must establish both (1) that his attorney's representation fell below an objective standard of reasonableness and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We review claims of ineffective assistance of counsel de novo. State v. A.N.J., 168 Wn.2d 91, 109, 225 P.3d 956 (2010).

We begin our analysis with the "strong presumption that counsel's performance was reasonable." State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). To rebut this presumption, Khalif "bears the burden of establishing the absence of any 'conceivable legitimate tactic explaining counsel's performance.' " State v. Grier, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011)[1] (quoting State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). Defense counsel's decision to forgo an otherwise available instruction on a lesser degree offense in favor of an "all or nothing" approach may be a legitimate strategy to obtain an outright acquittal. See State v. Hassan, 151 Wn. App. 209, 221, 211 P.3d 441 (2009); see also Grier, 171 Wn.2d at 37-38.

Here, cross-examination of R.S. focused on the differences between her trial testimony and the accounts of the incident that she gave to other witnesses. During closing argument, defense counsel emphasized that the State's case rested almost exclusively on R.S.'s uncorroborated testimony. Counsel then reviewed in detail what he characterized as R.S.'s "dramatically inconsistent" accounts. Based on the alleged inconsistencies, lack of corroborating evidence, and suggestions that R.S.'s testimony may have been coached, defense counsel vigorously urged the jury to conclude that "[t]his case is about a little girl who was left at home, who got scared, called her mom, 911, her imagination spun, she told a story, and she lost track of the details."

Given the nature of the evidence, defense counsel could reasonably have chosen an "all or nothing" strategy to pursue a claim of complete innocence. Counsel's failure to request a lesser degree instruction was therefore not deficient performance. See Hassan, 151 Wn. App. at 221; Grier, 171 Wn.2d at 43; see also State v. King, 24

---

[1] Emphasis in original.

Wn. App. 495, 501, 601 P.2d 982 (1979) (defense counsel not deficient for arguing that evidence failed to establish second degree assault and not proposing inferior degree instruction for simple assault).

Khalif also suggests that defense counsel failed to undertake a sufficient investigation and was unaware of the legal standards for an inferior degree instruction. Nothing in the record supports this contention. Such speculation cannot rebut the presumption that counsel's performance was reasonable.

Because Khalif has made no showing that counsel's performance was deficient, his claim of ineffective assistance necessarily fails. Consequently, we need not address the issue of prejudice. See State v. Emery, 174 Wn.2d 741, 755, 278 P.3d 653 (2012).

Affirmed.

WE CONCUR: